## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOE N. POWELL,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LEAR CORPORATION,** | § | |
| **Defendant** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Plaintiff, Joe N. Powell (hereinafter "Plaintiff"), and complains of Defendant, Lear Corporation (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

### I.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343.  In addition, Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII").

2.     Venue is proper in the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

PLAINTIFF'S ORIGINAL COMPLAINT

## II.

## PARTIES

3.      Plaintiff is a black/African American citizen of the United States and a resident of Tarrant County, Texas.  At all times relevant hereto, Plaintiff was an employee of Defendant. Plaintiff has been subjected to unlawful employment practices committed in Tarrant County, Texas by employees and agents of the Defendant.

4.      Defendant is a foreign for-profit corporation registered and doing business in Texas.  Defendant may be noticed of this lawsuit by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On or about July 12, 2021, Plaintiff filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act.  Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

6.      Plaintiff received a "Notice of Right to Sue" concerning the charge on December 10, 2022, entitling him to institute a civil action within 90 days of the date of receipt of said notice.  This action is timely filed.

PLAINTIFF'S ORIGINAL COMPLAINT

## IV.

## FACTS AND CAUSES OF ACTION

7.     This action is authorized and instituted pursuant to Title VII.  This is a legal proceeding for legal and/or equitable relief available to secure the rights of the Plaintiff under this statute.

8.     Beginning on or about June 5, 2020, and continuing through March 7, 2021, Plaintiff was repeatedly subjected to discrimination based on retaliation, harassment and/or hostile work environment under Title VII.

9.     Plaintiff worked for Defendant from March 4, 2020 until March 7, 2021.

10.     Plaintiff was an assembly line worker for Defendant. Plaintiff contends Defendant started harassing him and retaliating against him after he complained about a false write-up. Plaintiff also contends that Defendant harassed and retaliated against him, because Defendant was doing the same to his twin brother, Nathaniel Powell. Plaintiff contends his termination was based in part on Defendant's discriminatory actions against Plaintiff's twin brother.

11.     On or about June 5, 2020, the day of Plaintiff's orientation, it was stated to him by Jason Dow that Plaintiff would have a hard time while employed with Defendant because of the opinions and disdain that other employees had for his twin brother.

12.      When Plaintiff started the job, Plaintiff was asked what shift he preferred, and Plaintiff chose the 2nd shift.  However, Plaintiff was moved to the 3rd shift with hardly any notice. Plaintiff did not resist and worked the shift. Plaintiff did what was required of him. Plaintiff

PLAINTIFF'S ORIGINAL COMPLAINT

contends that Robert was attempting to force Plaintiff to quit by moving him to the 3rd shift, because Plaintiff had already told him that he had to ride to work with his brother, who was on the 2nd shift, since Plaintiff's car was inoperable. Robert became hostile when Plaintiff was told by Pat Williams that he could stay on the 2nd shift so that Plaintiff could have transportation until his vehicle was repaired. After Plaintiff's vehicle was repaired, he moved to the 3rd shift as Robert had requested.

13.    After one month of being on 3rd shift, Plaintiff was moved again on short notice to 1st shift. Plaintiff was not provided the tools he needed to do his job. Plaintiff asked the team lead on the 1st shift for working tools to start the tasks of the day. Team lead, David James, stated that he could not get Plaintiff any tools to work, so Plaintiff began asking other employees around the plant for tools. After Plaintiff finally got tools from other employees, Ricardo brought him tools 30 to 45 minutes later. At this point, Plaintiff felt that he was being targeted by all supervisors.

14.    As a result of David Mays' harassment of Plaintiff, he avoided Mr. Mays for months in hopes of not being harassed. Plaintiff spoke with Julia the chairperson of the UAW about the harassment from Mr. Mays. After reporting the harassment, Mr. Mays intentionally bumped Plaintiff in passing in a corridor. Mr. Mays then reported to the superintendent, TJ, that the incident was caused by Plaintiff. Plaintiff spoke with Tierra attempting to follow the chain of command about the incident with Mr. Mays, and she acted as if she were surprised by Mr. Mays' behavior, and stated that she would speak with Julia about the situation.  Unbeknownst to Tierra, Plaintiff had already spoken with Julia about the situation and was informed by Julia that she would investigate the matter. Plaintiff felt as if follow ups were not conducted with

PLAINTIFF'S ORIGINAL COMPLAINT

professionalism when Plaintiff made his complaints, and no action was taken by Defendant to stop the harassment.

15.    After the probationary period, Plaintiff worked diligently and applied himself in hopes of securing a full-time position. Plaintiff was told by Booker Washington that the reason that he was not chosen for a full-time position was based on the animosity the supervisors had towards his twin brother, as opposed to his own work ethic and character.

16.    Plaintiff was also harassed by Ricardo, who made false statements about Plaintiff's work on the line being slow, even though there were other employees who had slower times who were not spoken to by Ricardo. When Ricardo approached Plaintiff and told him that his work was too slow, Plaintiff simply replied, "Really." Ricardo then told Plaintiff he was terminated. When Plaintiff contacted Human Resources ("HR") about his termination, no HR employee was aware of his termination. Plaintiff was terminated without any verbal or written warnings.

17.    Plaintiff never received an evaluation while working for Defendant. Prior to his termination, Plaintiff received no disciplinary action about his job performance and no verbal warnings or points for being late. Plaintiff was also never called off any of his shifts.

18.    Plaintiff suffered retaliation and harassment based on the complaints he made against management for false statements, as well as being related to Nathaniel Powell, who was also employed by Defendant.

19.    The Defendant's proffered business reason for Plaintiff's termination was mere

PLAINTIFF'S ORIGINAL COMPLAINT

pretext for discrimination.

20.     On information and belief, the Defendant followed a policy and practice of retaliation against Plaintiff based on Plaintiff's complaints to HR and the union. These retaliatory practices and policies include, but are not limited to, retaliating against employees who file a complaint, in violation of Title VII.

21.     On information and belief, the Defendant followed a policy and practice of discrimination against Plaintiff because of his relation to Nathaniel Powell in violation of Title VII. The discriminatory practices and policies include, but are not limited to, retaliating against Plaintiff in the terms, conditions, and privileges of employment based on his complaints to HR and the union, as well as being related to Nathaniel Powell in violation of Title VII.

22.     Plaintiff was subjected to a hostile work environment and adverse employment actions by Defendant based on Plaintiff's complaints to HR and the union regarding the harassment.

23.     Plaintiff has suffered compensatory damages as the direct result of Defendant's discriminatory and retaliatory treatment of him.  Plaintiff would further show that Defendant's conduct was done willfully and with malice and that he is entitled to liquidated and exemplary damages.

24.     Defendant's conduct toward Plaintiff caused him severe emotional distress, pain and suffering and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

25.     The amount of damages in which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

PLAINTIFF'S ORIGINAL COMPLAINT

26.    All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V.

## DAMAGES

27.    Plaintiff seeks statutory damages, back pay and front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled pursuant to Title VII.

28.    Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiff is entitled because of the actions and/or omissions complained of herein.

## VI.

## JURY DEMAND

29.    Plaintiff respectfully requests a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear, and, that Plaintiff be awarded judgment against Defendant for statutory damages, compensatory, punitive and general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further

PLAINTIFF'S ORIGINAL COMPLAINT

legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

IWU & ASSOCIATES

**/s/ Marshay Iwu**
Marshay Iwu
State Bar No. 24083204
P.O. Box 851553
Mesquite, Texas 75185-1553
Telephone: (214) 417-2738
Telecopier: (214) 272-3186
marshayiwu@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT