UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOE N. POWELL,**

   Plaintiff,

v.                                                               No. 4:23-cv-0247-P

**LEAR CORPORATION,**

   Defendant.

## ORDER

Before the Court is Defendant's Motion to Dismiss for failure to state a claim (ECF No. 13). For the reasons set forth below, the Court **GRANTS** Defendant's Motion but grants Plaintiff leave to amend his Complaint.

## BACKGROUND

Plaintiff, an African American, was an assembly line worker in Defendant's facility. Beginning around June 2020, Plaintiff alleges that he was moved shifts repeatedly without notice and faced retribution from his employer after complaining of a false write-up. Complicating matters, Plaintiff's twin brother also worked in the same facility, where Plaintiff alleges that he was told he would face a "tough time" at work because of other workers' disdain for his twin brother.

Plaintiff alleges that his supervisor made repeated statements about his "slow" pace despite similar performance from other non-minority line workers. After one encounter in which his supervisor complained of Plaintiff's slow pace, Plaintiff alleges that he was terminated without warning. Plaintiff also alleges that he was told he was overlooked for a promotion because of his association with his twin brother.

Plaintiff sued for discrimination, retaliation, and hostile-work environment under Title VII of the Civil Rights Act. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim.

## LEGAL STANDARD

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not, however, bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. If there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Plaintiffs must exhaust their administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") as a precondition to suing. *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863–64 (5th Cir. 1983). "Failure to exhaust is grounds for dismissal." *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 445 (5th Cir. 2018).

Title VII of the 1964 Civil Rights Act prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's

race, color, religion, sex, or national origin. *Davis v. Texas Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (citing 42 U.S.C. § 2000e–2(a)(1)). For a claim of disparate treatment, a plaintiff must, at least, include facts giving rise to a reasonable inference of plausibility that: (1) he belongs to a protected class; (2) he was qualified for the position, (3) that he suffered an adverse employment action, and (4) that others similarly situated outside his protected class were more favorably treated. *Id.* A complaint will not survive a motion to dismiss merely because it asserts that the plaintiff belongs to a protected class and that plaintiff was subject to an adverse action because of his membership in that protected class. *See Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830 (E.D. La. 2012) (holding that the plaintiff's conclusory allegation that the defendant discriminated against him on the basis of race is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss).

Plaintiff, at most, alleges that he was a member of a protected class, and that he was subject to potentially adverse employment actions—but he does not allege facts sufficient to connect the two with causation. In fact, the only causal basis for discrimination that he properly pleads is discrimination based on the animosity that his coworkers or supervisors may have harbored toward his twin brother, which Plaintiff pleads is "discrimination based on familial relationship." ECF No. 10 at 3. "Familial relationship" is not a protected class under Title VII.[1]

The only remaining facts relevant to a claim for disparate treatment and discrimination are comments allegedly made by his supervisor directed at Plaintiff's performance pace, while he alleges that similarly situated coworkers outside of his protected class did not receive the same criticism. As Plaintiff fails to allege his membership in a protected class aside from the mere mention of his race, Plaintiff also fails to allege

---

[1] Defendant also points out that Plaintiff's claim may be procedurally barred because Defendant's search of the EEOC record shows that Plaintiff's Right to Sue Letter was downloaded December 8, 2021, ECF No. 13 at 16–17, while Plaintiff alleges that he "received a notice of right to sue" on December 10. ECF No. 10 at 2. Because the Court must take Plaintiff's well-pleaded factual allegations as true, and Plaintiff does not mention the records introduced by Defendant to contest the start date of Plaintiff's ninety-day statute-of-limitations period, the Court will assume for the purposes its review that Plaintiff's notice date alleged in his Complaint is correct.

3

sufficient "disparate treatment" because he alleges no more than that he felt that others were equally deserving of the negative criticism that he received.

Plaintiff also fails to allege a claim for retaliation because he fails to detail how his complaining about a "false write-up" is a protected activity under Title VII, which is a prerequisite for alleging a retaliation claim.

Finally, Plaintiff fails to allege a claim for discriminatory termination because he does not allege that his termination resulted from his membership in a protected class or as a result of his engaging in a protected activity. Instead, Plaintiff alleges he was "terminated without notice," and asserts no more than a conclusory allegation that he was terminated based on "false statements" made by his terminating supervisor. ECF No. 10 at 5.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 13). Plaintiff's claims are **DISMISSED without prejudice**. However, the Court grants Plaintiff leave to amend his Complaint.[2] If Plaintiff so chooses to amend, plaintiff must file his Amended Complaint **on or before August 10, 2023.**

**SO ORDERED** on this **3rd day of August 2023.**

**MARK T. PITTMAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Generally, it is common practice for district courts in the Fifth Circuit to allow a plaintiff one opportunity to amend their complaint before dismissing a case with prejudice, and this Court will allow that opportunity here. *See In re Am. Airlines, Inc. Priv. Litig.*, 370 F. Supp. 2d 552, 567–86 (N.D. Tex. 2005) (Fitzwater J.).